UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____
Mark Moore,     **Plaintiff-Appellant**,     )
                                             )
        v.                                   )  Case No. 15-3558
                                             )
Mark Martin, in his official capacity as     )
Secretary of State for the State of Arkansas,)
        **Defendant-Appellee**.              )
_____          )

**DEFENDANT-APPELLEE'S OBJECTION TO TAXATION OF COSTS AND MEMORANDUM BRIEF IN SUPPORT OF HIS OBJECTION TO APPELLANT'S REQUEST FOR TAXATION OF COSTS**

**COMES NOW** Defendant-Appellee, Honorable Mark Martin, ("Defendant-Appellee") in his official capacity as Arkansas Secretary of State, for his Objection to Appellant's request for taxation of costs as set forth in his Bill of Costs, and respectfully requests this Court deny Appellant's request for taxation of costs under 28 U.S.C. § 1920 and Rule 39 of the Federal Rules of Appellate Procedure. In support of his Objection, Appellee Secretary states the following:

1. That costs are not taxable by the Clerk, and should not be awarded by the Court under prevailing Eighth Circuit precedent.

**Appellee's Obj. to Costs 1**

2. Fed. R. App. P. Rule 39(a)(4) states that "costs are taxed only as the court orders" when a "judgment is affirmed in part, reversed in part, modified, or vacated."

3. That the Appellate opinion of April 26, 2017, affirmed in part, reversed in part, and remanded for trial on the merits from the District Court's award of Summary Judgment.

4. That Appellant is not a prevailing party and so is not entitled to an award of costs.

5. That due to the decision being affirmed in part and reversed in part, each of the parties should bear their own fees, costs, and expenses.

6. That Appellee Secretary asks for such additional relief to which he is entitled, under the circumstances.

## **MEMORANDUM IN SUPPORT**

The Court should deny Appellant's request for taxation of his costs. Plaintiff-Appellant is not a prevailing party. Appellant's costs are not recoverable under 28 U.S.C. § 1920 and Rule 39 of the Federal Rules of Appellate Procedure. This case has been remanded to District Court for trial on the merits. This Court denied Appellant's request for reversal of his District Court Motion for Summary Judgment. There has been no judicially

sanctioned change in the legal relationship between the parties.  Appellant has not obtained relief on the merits of his claims.  At best, Appellant has a judicial pronouncement, unaccompanied by judicial relief, which is not sufficient to justify an award of costs.  *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 606 (2001).

The Clerk does not have the discretion to award costs on this record; only the Court itself can award costs after the result in this case.  Rule 39 of the Federal Rules of Appellate Procedure outlines how costs in federal appellate courts are taxed. "[C]osts are taxed only as the court orders" if a judgment is "affirmed in part, reversed in part, modified, or vacated." Fed. R. App. P. 39(a)(4).  Given the results here, affirming in part, reversing in part, and remanding for trial, only the Court can enter an award of costs.

The Court should deny any award of costs.  Appellant is not a prevailing party. To be a prevailing party, Appellant must show a court-ordered change in relationship between him and Defendant-Appellee; Appellant must show entry of judgment in his favor; and finally, Appellant must show something more than the "virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." *Rogers Group, Inc. v. City of Fayetteville, Arkansas,* 683 F.3d 903, 910 (8th Circ. 2012) (citations

omitted); *Doe v. Nixon*, 716 F.3d 1041, 1048 (8th Cir. 2013) (citations omitted). Appellant fails to meet any of these three necessary criteria.

A prevailing Appellant receives actual relief on the merits of his claim, which alters the legal relationship between the parties only by modifying the "defendant's (Appellee's) behavior in a way that directly benefits the plaintiff." *Doe v. Nixon*, 716 F.3d 1041, 1048 (8th Cir. 2013), citing *Advantage Media, L.L.C., v. City of Hopkins, Minn.*, 511 F.3d 833, 836 (8th Cir. 2008). To be a prevailing party, the "material alteration of the legal relationship of the parties" must be judicially sanctioned. *Id.* citing *N. Cheyenne Tribe v. Jackson*, 433 F.3d 1083, 1085 (8th Cir. 2006). Appellant fails to meet these clearly-established elements.

Plaintiff-Appellant Moore cannot claim to be a prevailing party on any of these grounds. There has not been a court-ordered change in the legal relationship between Mark Moore and the Secretary of State. The Court concluded there were not enough facts to warrant granting Defendant-Appellee's Motion for Summary Judgment; the Court affirmed the denial of Plaintiff's (Appellant's) Motion for Summary Judgment. No judicial relief has been granted to Moore.

The Court's opinion did not favor either party. The Court found that the district court erred "in concluding that there was no genuine dispute of

Appellee's Obj. to Costs 4

material fact" as to the March 1 deadline being narrowly drawn to serve a compelling interest. Order p.8. This "genuine factual dispute" was found "notwithstanding the district court's and the parties' description of the issue for decision as being purely legal…," since the court found numerous portions of the record to be unclear to them. *Slip op.* at 10-11.

Defendant-Appellee respectfully asks the Court to deny Appellant's request to tax his costs in this appeal.

**WHEREFORE**, premises considered, Defendant-Appellee Secretary of State prays that the Court grant him the relief he seeks herein; that the Court deny Appellant's request to tax his costs to Defendant-Appellee Secretary of State; that each of the parties bear their own fees, costs, and expenses; and that the Court grant Defendant-Appellee such additional relief to which he may be entitled to under the circumstances.

Respectfully submitted, this 16th day of May 2017.

> HONORABLE MARK MARTIN
> SECRETARY OF STATE
> STATE OF ARKANSAS
> In his Official Capacity, *Appellee*

By: _____
*/s/ AJ Kelly*

A.J. Kelly
General Counsel and
Deputy Secretary of State
PO Box 251570
Little Rock, AR 72225-1570
(501) 682-3401
Fax: (501) 682-1213
kellylawfedecf@aol.com

and

Michael Fincher
Associate General Counsel
Arkansas Secretary of State
AB No. 2016037
500 Woodlane St., Ste 256
Little Rock, AR 72201
(501) 682-3401
Fax: (501) 682-1213

*Attorneys for Defendant-Appellee*
*Arkansas Secretary of State*

**Appellee's Obj. to Costs 6**

# CERTIFICATE OF SERVICE

I, AJ Kelly, hereby certify that I have electronically filed the foregoing Objection to Taxation of Costs and Memorandum in Support with the Clerk of Court using the CM/ECF system on the 16th day of May, 2017, and so have caused a copy to be delivered to:

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810

/s/ AJ Kelly
AJ Kelly

# CERTIFICATE OF COMPLIANCE

We, the undersigned counsel, hereby certify that this Appellee's Objection to Taxation of Costs and Memorandum Brief has been scanned for viruses and is free of known viruses. The Brief complies with the type-volume limitation as set by Rule 27 of the Federal Rules of Appellate Procedure. Times New Roman 14 point font in Microsoft Word 2010, 2013, and 2016 was used. The objection contains 1156 words.

/s/ AJ Kelly
AJ Kelly