Case No: 15-3558

# In the United States Court of Appeals for the Eighth Circuit

MARK MOORE,
*Appellant-Plaintiff*

MICHAEL HARROD; WILLIAM CHRIS JOHNSON,
*Plaintiffs*

v.

HONORABLE MARK MARTIN in his
"official capacity" as Secretary of State
for the State of Arkansas,

*Appellee-Defendant*

Appeal from U.S. District Court for the Eastern District of Arkansas
Honorable James Moody Jr.
District Court Case No. 4:14-CV-00065-JM

## APPELLEE'S MOTION TO RECALL AND STAY THE MANDATE PENDING FILING OF PETITION FOR A WRIT OF CERTIORARI

AJ Kelly
Deputy Secretary of State
& General Counsel
Arkansas Secretary of State
P.O. Box 251570
Little Rock, AR 72225
Phone: (501) 682-3401
Fax: (501) 682-1213

Andrés F. Rhodes
Associate General Counsel
Arkansas Secretary of State
Arkansas State Capitol
500 Woodlane St. Suite 256
Little Rock, AR 72201
Phone: (501) 682-3401
Fax: (501) 682-1213

*Attorneys for Appellee - Defendant
Arkansas Secretary of State Mark Martin*

In accordance to Rule of Appellate Procedure 41, Appellee – Defendant Secretary of State (Appellee Secretary) respectfully moves this Court grant his Rule 41 Motion to Recall and Stay the Mandate Pending Filing of Petition for a Writ of Certiorari. A recall and stay of the Mandate is appropriate, since the Eighth Circuit, like its sister courts of appeals "ha[s] the inherent power to recall [its] mandates." *Calderon v. Thompson*, 523 U.S. 538, 549-550 (1998). Appellee's Petition for a Writ of Certiorari will present substantial questions and there is good cause for a stay. Fed. R. App. P. 41(d)(2)(A). Appellant – Plaintiff agrees to stay the Mandate.

First, Appellee Secretary contends that Supreme Court precedent does not require states to elaborate and provide empirical verification of the weightiness of the State's asserted justifications. Second, Appellee Secretary contends that *Anderson v. Celebrezze* and *Burdick v. Takushi* do not shift the burden of proof to Appellee Secretary, nor require a remand in this case.

There is good cause for a recall and stay of the Mandate. Candidates seeking election in the 2018 election cycle are already declaring their candidacies. A recall and stay of the Mandate maintains the status quo until the deadline to file a petition for a writ of certiorari has passed. Appellee's counsel has notified Appellant's counsel of this Motion pursuant to Fed. R. App. P. 27(a). Appellant agrees to a stay of the Mandate until July 25, 2017.

1

# ARGUMENT

The Court should grant the Motion, recall the Mandate, and Stay the Mandate until July 25, 2017, pending the filing of a Petition for Writ of Certiorari by Appellee-Defendant Secretary of State. This is an independent candidate ballot access case challenging a revised statutory petition deadline. The District Court granted Summary Judgment to Appellee-Defendant, in the absence of contrary evidence from Appellant-Plaintiff, and further denied Appellant-Plaintiff's cross-motion for Summary Judgment. This Court affirmed the denial of Appellant-Plaintiff's Cross-Motion for Summary Judgment but reversed and remanded for trial on the merits the district court's summary judgment in favor of Appellee-Defendant, notwithstanding the lack of evidence from Plaintiffs.

I. **Recall and stay of the Mandate is warranted because Timmons v. Twin Cities Area New Party does not require empirical verification of the state's asserted justifications.**

On its own review, this Court concluded that a genuine factual dispute exists on whether the verification of independent candidate petitions would conflict with the processing of other signature petitions under the former May 1 deadline, in the absence of any proof at all from Appellant – Plaintiff. In essence, the remand requires Appellee to elaborate and provide empirical

2

verification of the weightiness of the State's asserted justifications. This burden conflicts with the holdings of *Timmons v. Twin Cities Area New Party* 520 U.S. 351 (1997) and *Munro v. Socialist Workers Party*, 479 U.S. 189 (1986).

States have broad power to "enact reasonable regulations of parties, elections, and ballots to reduce election and campaign-related disorder." *Timmons*, 520 U.S. at 351; see also *Maine Green Party v. Maine, Secretary of State*, 173 F.3d 1, 9 (C.A.1 (Me.), 1998) (Campbell Concurring). "A State's asserted regulatory interests need only be 'sufficiently weighty to justify the limitation' imposed." *Timmons*, 520 U.S. at 364 (citations omitted).

The Supreme Court does not "require elaborate, empirical verification of the weightiness of the State's asserted justifications." *Munro*, 479 U.S. at 195-196; *Timmons*, 520 U.S. at 364; see also *Citizens for Legislative Choice v. Miller*, 144 F.3d 916, 924 (C.A.6 (Mich.), 1998). In fact, *Munro* is clear in stating "Legislatures . . . should be permitted to respond to potential deficiencies in the electoral process with foresight rather than reactively, provided that the response is reasonable and does not significantly impinge on constitutionally protected rights." *Timmons*, 520 U.S. at 364; citing *Munro*, 479 U.S. at 195-196.

3

Other courts agree. "Courts of appeals should indulge the presumption of constitutionality to which state statutes and constitutional provisions are entitled, leaving to the Supreme Court, should it so desire, the creation of the innovative constitutional jurisprudence needed to warrant such a radical initiative." *Maine Green Party v. Maine, Secretary of State*, 173 F.3d 1, 9 (C.A.1 (Me.), 1998) (Campbell Concurring) (Where the Maine Green Party did not keep party status after its presidential candidate failed to receive at least 5% of Maine's presidential vote); see *Fitz v. Dolyak*, 712 F.2d 330, 333 (8th Cir. 1983); see also *Branson v. O.F. Mossberg & Sons, Inc.*, 221 F.3d 1064, 1065 n.4 (8th Cir. 2000) (Where a presumption of constitutionality attaches to state legislative enactments, and plaintiffs face a heavy burden in seeking to challenge the constitutionality of [state law] under this standard).

## II. Recall and stay of the Mandate is warranted because the Court has erroneously changed the standard for summary judgment in ballot access cases.

"[T]he party challenging the [ballot access] law bears 'the initial burden of showing that [the State's] ballot access requirements seriously restrict the availability of political opportunity." *Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 730 (9th Cir. 2015), cert. denied, 136 S.Ct. 823 (2016)

4

(affirming district court's grant of summary judgment in favor of Appellee Secretary of State on cross-motions for summary judgment where appellant proffered no evidence in support of its allegations); accord, *Arizona Green Party v. Reagan*, 838 F.3d 983, 989 (9th Cir. 2016) (affirming district court's grant of summary judgment in favor of Appellee Secretary of State on cross-motions for summary judgment where appellant proffered no evidence in support of its allegations). A "state may justify election regulations imposing a lesser burden by demonstrating the state has important regulatory interests." *Arizona Libertarian Party*, 798 F.3d at 729-30; *Arizona Green Party*, 838 F.3d at 988.

Here, Appellant Moore, like his co-Plaintiffs, proffered no evidence in support of his allegations and failed to rebut the Secretary's affidavit. Given the burdens imposed, "the bar [for the State] is not so high. Instead, the State's asserted regulatory interests need only be sufficiently weighty to justify the limitations imposed on" appellant's rights. *Timmons*, 520 U.S. at 364; quoting *Norman v. Reed,* 502 U.S. 279, 288-289 (1992); *Burdick v. Takushi,* 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze,* 460 U.S. 780, 788 (1983).

As the Ninth Circuit said: "parties alleging a severe burden must provide evidence of the specific burdens imposed by the law at issue." *Arizona Green Party*, 838 F.3d at 989; citing *Libertarian Party of Washington*

5

*v. Munro*, 31 F.3d 759, 762 (9th Cir. 1994). "[T]he extent of the burden that a [State's election system] imposes . . . is a factual question on which the plaintiff bears the burden of proof." *Arizona Green Party*, 838 F.3d at 989; citing *Democratic Party of Haw. v. Nago*, 833 F.3d 1119, 1122 (9th Cir. 2016). "In challenging ballot access regulations, parties must articulate the nature of the burden, which 'should be measured by whether, in light of the entire statutory scheme regulating ballot access, reasonably diligent [parties] can normally gain a place on the ballot, or whether they will rarely succeed in doing so.'" *Arizona Green Party*, 838 F.3d at 989; citing *Nader v. Brewer*, 531 F.3d 1028, 1035 (9th Cir. 2008) (some citations and quotations omitted).

The Ninth Circuit in *Arizona Green Party* reviewed a similar set of cross-motions for summary judgment as did the District Court herein. Like Appellant-Plaintiff, the Arizona Green Party "did not submit any supporting evidence with its motion for summary judgment." *Arizona Green Party*, 838 F.3d at 990. "Instead, the [Arizona Green] Party chose to argue that the [new petition deadline] was unconstitutional as a matter of law. As a result, any effort to apply the balancing standard to this case is hamstrung by a lack of evidence. Without any evidence regarding the practical consequences of the [new deadline], we find ourselves in the position of Lady Justice: blindfolded and stuck holding empty scales. . . . Without evidence, the burdens identified

6

in the Green Party's complaint are purely speculative." *Arizona Green Party*, 838 F.3d at 990; citing *Ariz. Libertarian Party*, 798 F.3d at 736.

"Analogy and rhetoric are no substitute for evidence. . . ." *Arizona Green Party*, 838 F.3d at 990. Appellant-Plaintiff has relied entirely upon legal argument simply parroted from language of earlier cases without demonstrating how that language actually applies to the statute and new deadline at issue. As sister circuits have explained, that is simply not sufficient under the record on review in this case.

The Secretary's asserted interests of the State of Arkansas – unrebutted in any form by Appellant-Plaintiff – are sufficient. The split in opinions of the Circuits is sufficient to warrant Supreme Court review without further "empirical verification" of the weightiness of the State's asserted justifications. *Timmons*, 520 U.S. at 364 (citations omitted).

# CONCLUSION

Appellee-Defendant Secretary respectfully asks this Court to grant his Motion to Recall and Stay the Mandate Pending the filing of a Petition for Writ of Certiorari to the U.S. Supreme Court until July 25, 2017, as agreed by Appellant-Plaintiff.

Respectfully submitted this 3rd day of July, 2017.

    HONORABLE MARK MARTIN
    SECRETARY OF STATE
    In his Official Capacity, Appellee

    By: /s/ A.J. Kelly
    AJ Kelly
    Deputy Secretary of State
    & General Counsel
    Arkansas Secretary of State
    P.O. Box 251570
    Little Rock, AR 72225
    Phone: (501) 682-3401
    Fax: (501) 682-1213

    and

    By: /s/ Andrés F. Rhodes
    Andrés F. Rhodes
    Associate General Counsel
    Arkansas Secretary of State
    500 Woodlane St., Ste 256
    Little Rock, AR 72201
    (501) 682-3401
    Fax: (501) 682-1213

    *Attorneys for Appellee*
    *Arkansas Secretary of State*

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that pursuant to Fed. R. App. P. 41, electronically filed the foregoing Motion to Recall and Stay the Mandate Pending Filing of Petition for a Writ of Certiorari using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James C. Linger
1710 South Boston Avenue
Tulsa OK 74119-4810
Fax: (918) 583-8283


Filed on this 3rd day of July, 2017.

/s/ Andrés F. Rhodes
Andrés F. Rhodes

# CERTIFICATE OF COMPLIANCE

I, the undersigned counsel, hereby certify that this Motion to Recall and Stay the Mandate Pending Filing of Petition for a Writ of Certiorari has been scanned for viruses and the Motion is virus free. The Motion complies with the type-volume limitation as set by Rule 27 of the Federal Rules of Appellate Procedure. Times New Roman 14-point font in Microsoft Word 2016 was used. This Motion contains 1,736 words.

/s/ Andrés F. Rhodes
Andrés F. Rhodes